# T. L. ARVIG AND ANOTHER v. CONTINENTAL PUBLIC UTILITIES CORPORATION AND ANOTHER.[1]

January 31, 1930.

No. 27,660.

*Van Fossen & Van Fossen,* for appellants.
*Ryan, Ryan & Ryan,* for respondents.

[1]Reported in 229 N. W. 127.

HOLT, J.

Defendants appeal from the order denying their motion for a new trial.

In November, 1925, plaintiffs as partners entered a contract with the defendant Continental Public Utilities Corporation to sell large quantities of real and personal property situate in Cass and Crow Wing counties, this state. The transfer was to be made on or before June 1, 1926, but by a subsequent agreement the time was extended one month. In the meantime the other corporation defendant had succeeded to the rights and obligations of the former. On July 1, 1926, the necessary deeds and transfers were made, and the property was delivered free of liens and encumbrances as agreed. The purchase price was $100,000. Since plaintiffs were in possession of all the property involved on May 1, 1926, when what was personal property must be listed for taxation, they so listed the same. When these taxes fell due defendants refused to pay them, and plaintiffs were compelled to. This action is to recover the taxes so paid amounting to $1,124.83. The court made findings in favor of plaintiffs. The clause in the contract construed as obligating defendants to pay the personal property taxes in question for the year 1926 reads:

"Sellers will also pay all taxes of whatever nature on the real and personal property so to be transferred for the current tax fiscal year of 1925."

The preceding sentence prescribed that all the property should be turned over free and clear of all liens and encumbrances.

Does the quoted sentence from the contract obligate the purchaser to pay the personal property tax for 1926? If it is to be so construed the decision is right and should be affirmed. Since the parties contracted with reference to both personal and real property to be transferred, if at all, after the taxes for the year 1925 accrued and fell due, and prior to the time the taxes for 1926 were either levied or became payable, one would look for a provision in the contract which would determine whose duty it was to pay the same. It would also be likely that such provision for a given year would

be the same for the personal property tax as for the real estate tax. The parties undertook to stipulate as to who should pay the taxes accruing subsequent to the date of the contract and provided that the sellers should pay the taxes upon both personal property and the real estate for the year 1925. This should be taken as specifying the final period or year for which the sellers were obligated to pay taxes upon the property transferred, and as a necessary corollary for subsequent years the purchaser must pay the taxes as they accrue and become payable. That the contract was in the form of an option is unimportant here, since it was consummated according to its terms. It is of no great importance that in the absence of a stipulation in regard to the taxes the 1926 realty tax would fall on the purchaser and the state would look to the personal responsibility of the sellers, who on May 1 were required to list the personal property for taxation. The parties did undertake to make provision for the taxes in their contract of sale; they did not leave the determination of that matter, as between themselves, to the law or the statute. Nor is it reasonable to so construe the contract that this considerable item would shift from one to the other upon whether the purchaser decided to consummate the deal on January 1 or on the first of any month thereafter. Of course if consummated before May 1, 1926, the sellers would have owed no duty to the state to list personal property for taxation. The learned trial court, among other reasons for his conclusion that plaintiffs should recover, says:

"It seems clear that in November, 1925, when the contract to purchase was drawn that the matter of taxes was taken up and that to obviate any dispute as to who should pay the taxes, regardless of the time the purchasers took over the property, it was agreed that the plaintiffs as sellers should pay the 1925 taxes even though the right to purchase was exercised on January 1, 1926, before 1925 taxes became payable, or whether exercised after May 1, 1926, when the property was theoretically assessed, and that purchasers should pay all taxes levied in 1926 payable in 1927."

Each defendant asserts that if liability for the 1926 taxes is upon the purchaser it must be borne by the other. We do not find any assignment of error that requires us to consider this proposition. It certainly does not appear that the sellers released the purchaser from any obligation of the contract by transferring the property to its assignee. Nor is there any provision in the contract for an apportionment of the personal or real estate taxes between the sellers and purchaser upon the basis of the part of the year each was in possession. There can be no question of an implied contract injected here. The decision must be based upon a construction of the written contract, taking into consideration the situation of the parties, the property embraced, and their rights in the absence of the stipulation concerning taxes. We consider the court below did not err in the decision rendered.

The order is affirmed.